**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY HERSON; EAST BAY OUTDOORS, INC., a California corporation, | No. 10-16445 |
| Plaintiffs - Appellants, | D.C. No. 3:09-cv-04187-MHP |
| v. | MEMORANDUM* |
| CITY OF SAN CARLOS, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted May 9, 2011
San Francisco, California

Before: THOMAS, McKEOWN, and MURGUIA, Circuit Judges.

Jeffrey Herson and East Bay Outdoor, Inc. (collectively "Herson") appeal

the district court's grant of summary judgment in his 42 U.S.C. § 1983 action

alleging that the City of San Carlos violated his First Amendment right to freedom

of expression by denying his building permit application. We affirm the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court. Because the history of the case is familiar to the parties, we need not recount it here.

To establish standing under Article III of the United States Constitution, a plaintiff must demonstrate: (1) an injury in fact; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood that the injury can be redressed by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A plaintiff challenging the denial of a permit application under a city ordinance fails to establish redressability if the permit was also denied under an alternative, constitutional provision of the ordinance. *See Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 893 (9th Cir. 2007). As such, a plaintiff must challenge every restriction under which the application was denied in order to establish redressability. *Id.*

Herson waived his challenge of the billboard restriction by not raising it in his opening brief on appeal. *Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 738 (9th Cir. 1986); *see also McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) (raising an issue at oral argument is insufficient to avoid waiver if it was not raised in the briefs). Herson has therefore failed to establish that his injury is redressable and he lacks standing to pursue his claim.

**AFFIRMED.**